MURDOCK, Justice
(concurring specially).
The only question presented in this petition for the writ of mandamus is whether the exception to State-agent immunity for acts of a State employee that are “ ‘beyond his or her authority,’ ” Ex parte Butts, 775 So.2d 173, 177-78 (Ala.2000) (quoting Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000)), is applicable in this ease. We do not have before us any question as to which of the categories of immunity identified in Cranman is applicable in the first instance — the plaintiffs concede that the petitioners were engaged in a function that otherwise would entitle them to State-agent immunity — or any question as to whether any other exception to State-agent immunity is applicable.
I am concerned that recent applications by this Court of the “beyond-authority” exception to State-agent immunity have transformed that exception into a mechanism for reopening the door to actions against State employees that are based on conduct that falls within one of the categories of State-agent immunity articulated in Cranman, “ ‘even when [that] conduct ... is committed in the line and scope of ... employment.’ ” Ex parte Watson, 37 *50 So.3d 752, 767 (Ala.2009) (Murdock, J., concurring in part and dissenting in part (quoting Cranman, 792 So.2d at 402; emphasis omitted)). My concerns are explained in more detail in my special writing in Watson and need not be repeated here.
The foregoing concerns are not voiced in the petition before us, however, and, even if they were, our review here of the denial of a motion to dismiss for failure to state a claim or for a judgment on the pleadings based on limited factual development would be difficult at best. Similarly, the petition does not argue that the beyond-authority exception was not applicable to any particular petitioner on the ground that the subject regulations are not directed specifically to him. Compare Giambrone v. Douglas, 874 So.2d 1046 (Ala.2003); Howard v. City of Atmore, 887 So.2d 201, 203 (Ala.2003); Gowens v. Tys. S., 948 So.2d 513, 522 (Ala.2006). Because I cannot conclude that the trial court erred in denying the petitioners’ motion to dismiss for failure to state a claim or for a judgment on the pleadings, given the issues presented by that motion, I concur in the main opinion.